# UNITED STATES DISTRICT COURT
# FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS WATTS, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>B&T FINANCIAL SERVICES, LLC, )<br>)<br>    Defendant )<br>) | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

THOMAS WATTS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against B&T FINANCIAL SERVICES, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Oklahoma and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Marlow, Oklahoma.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 211 Perry Parkway, Suite 6, Gaithersburg, MD 20877.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

11. The debt arose out of transactions that were primarily for personal,

family, or household purposes.

12. Beginning in 2008, and continuing through October 28, 2011, Defendant contacted Plaintiff on his home telephone on a continuous and frequent basis in an attempt to collect a consumer debt.

13. Many of Defendant's telephone calls originated from: (240) 686-0005, which the undersigned confirmed is a telephone number belonging to Defendant.

14. At times, Defendant contacted Plaintiff with such frequency that he would receive more than two (2) collection calls a day, resulting in Plaintiff receiving more than twenty (20) collection calls a month from Defendant.

15. Most recently, on October 28, 2011, Defendant contacted Plaintiff on his home telephone.

16. When Plaintiff did not answer the telephone, Defendant left a message on his home answering machine. See Exhibit A, Voicemail recording and transcript of Defendant's message to Plaintiff.

17. In its message, Defendant sates that it has a "very important legal matter here." See Exhibit A.

18. Defendant claimed that, "it is imperative" that Plaintiff "contact" them "back immediately."

19. Defendant provided Plaintiff with a "case number" to reference when

calling back.

20. The clear implication of its statements, including the use of the terms "legal matter" and "case number," was that Defendant was threatening to commence legal action or had already commenced legal action against Plaintiff.

21. Upon information and belief, the debt that Defendant was seeking to collect from Plaintiff has been in default since 2005.

22. The statute of limitations on credit card debt in the State of Oklahoma is five years. See Okla. Stat. 12, §95.

23. To Plaintiff's knowledge, no legal action had been or has been commenced against him.

24. At the time that Defendant made its statements to Plaintiff, including referring to the debt as a "legal matter" and providing Plaintiff with a "case number," Defendant could not take legal action against Plaintiff and did not intend to take legal action against Plaintiff.

25. Also, in its voicemail message to Plaintiff, Defendant states that Plaintiff should contact Defendant in order to "resolve the matter voluntarily."

26. The clear implication from this statement is that if Plaintiff does not respond to the message, Defendant will seek to resolve the matter in a non-voluntary manner, including commencing a legal action against Plaintiff.

27. Once again, upon information and belief, Defendant did not intend to

take and could not take legal action against Plaintiff at the time that it made that threat.

28.  Finally, in its voicemail message to Plaintiff, Defendant failed identify itself as a debt collector or inform Plaintiff that it was attempting to collect a debt.

## CONSTRUCTION OF APPLICABLE LAW

29.  The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

30.  The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

31. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

**COUNT I**
**DEFENDANT VIOLATED THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

32. In its actions to collect a debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated the FDCPA generally;

    b. Defendant violated §1692e of the FDCPA when it used false, deceptive, or misleading representations or means in connection

      with the collection of a debt;

c. Defendant violated §1692e(2)(A) of the FDCPA when it misrepresented the legal status of a debt it was attempting to collect;

d. Defendant violated §1692e(5) of the FDCPA when it threatened to take action that it did not intend to or could not legally take;

e. Defendant violated §1692e(10) of the FDCPA when it used false representations or deceptive means in an attempt to collect a debt;

f. Defendant violated §1692e(11) of the FDCPA when it failed to disclose in communications with Plaintiff that it was a debt collector; and

g. Defendant violated §1692f of the FDCPA when it used unfair and unconscionable means in connection with the collection of a debt.

WHEREFORE, Plaintiff, THOMAS WATTS, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, THOMAS WATTS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: December 29, 2011   By: /s/ *Tara L. Patterson*
　　　　　　　　　　　　　　Tara L. Patterson
　　　　　　　　　　　　　　Attorney ID No. 88343
　　　　　　　　　　　　　　Kimmel & Silverman, P.C.
　　　　　　　　　　　　　　30 E. Butler Pike
　　　　　　　　　　　　　　Ambler, PA 19002
　　　　　　　　　　　　　　Phone: (215) 540-8888
　　　　　　　　　　　　　　Fax: (877) 788-2864
　　　　　　　　　　　　　　Email:   tpatterson@creditlaw.com